IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. 4:13-CR-115 MAC |
| § | |
| MICHAEL BURNHAM § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 18, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by David Finn and Thomas Wynne. The Government was represented by Tracey Batson.

On February 6, 2014, Defendant was sentenced by the Honorable Marcia A. Crone, United States District Judge, to a sentence of fifty-one (51) months imprisonment followed by a five (5) year term of supervised release for the offense of Conspiracy to Commit Bank Fraud. On February 25, 2014, the imprisonment portion of the sentence was reduced to thirty-four (34) months. Defendant began his term of supervision on January 5, 2016.

On March 11, 2019, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 49). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; and (2) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

The Petition alleges that Defendant committed the following violations: (1) Defendant commited the offenses of Assault Causing Bodily Injury Family Member and Interfere with Emergency Request for Assistance on February 4, 2018, in Frisco, Texas. On January 24, 2019, Defendant was sentence to an eighteen (18) month term of community supervision under Docket Nos. 2018-03859-A and 2018-03860-A in Denton County Criminal Court of Law #1. According to the offense report, the Frisco, Texas Police Department responded to a call for service at an urgent care facility regarding a domestic disturbance involving Defendant and his girlfriend. The girlfriend was the victim and had gone to the hospital due to injuries she alleged were sustained due to Defendant physically assaulting her. She told officers they were involved in an argument and he had grabbed her by her shirt, threw her to the couch, pushed and held her head into the couch pillow, and pried the phone from her hand. According to her, Defendant was intoxicated and assaulted her in the presence of their three-year-old son. She reported the abuse had been ongoing. During the interview, the three-year-old son stated, "Daddy pushed Monney into the pillows. Daddy left again because he's in trouble." Defendant was not present during the visit. Defendant did make his own report the same date at the police station and denied the allegations; and (2) According to a credit report received on May 17, 2017, Defendant established a line of credit with Nebraska Furniture on November 14, 2016. At the time of the report, the balance was $1,682.00. Additionally, Defendant established a line of credit with Conn's Credit Corporation on January 19, 2017, and the balance at the time of the report was $5,112.00. Defendant did not request or have permission from the U.S. Probation Office to establish said credit line. According to a credit report received on May 23, 2018, Defendant established a line of credit with Robbins Brothers on March 12, 2018. At the time of the report, the balance was $3,142.00. Defendant did not request or have permission from the U.S.

Probation Office to establish said credit line. As of the last credit report received on November 29, 2018, the Nebraska Furnture and Conn's Credit Corporation accounts had been satisfied in full. The Robbins Brothers account had a balance of $2,925.00.

At the hearing, Defendant entered a plea of true to Allegations 1 and 2. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the April 18, 2018, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of five (5) months, with twenty-four (24) months supervised release to follow.

**SIGNED this 16th day of May, 2019.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE